# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES FRY,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )    **Case No. CIV-20-1166-AMG** |
| | ) |
| **KILOLO KIJAKAZI, Acting** | ) |
| **Commissioner of Social Security,**[1] | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Charles Fry ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 12, 13), and the parties have fully briefed the issues. (Docs. 19, 20).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 16, 17). For the reasons set forth below, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

**I.     Procedural History**

Plaintiff filed his application for DIB on December 6, 2018, alleging a disability onset date of October 25, 2018. (AR, at 49, 172). The SSA denied the application initially and on reconsideration. (*Id*. at 81-84, 86-92). An administrative hearing was then held on February 13, 2020. (*Id*. at 95-109, 110-38). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 12-28). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

**II.    The Administrative Decision**

At Step One, the ALJ found that Claimant had not engaged in substantial gainful activity since October 25, 2018, the alleged onset date. (AR, at 17). At Step Two, the ALJ found that Claimant had the following severe impairments: "lumbar spine impairment; obesity; and carpal tunnel syndrome." (*Id*.) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*.) The ALJ then determined that Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a): The claimant is able to lift or carry, push or pull twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours out of an[] eight-hour day, and stand or walk a combined total of two hours out of an eight-hour day. The claimant can occasionally climb ramps or stairs, but should avoid climbing ladders, ropes or scaffolds. The claimant can occasionally balance, kneel, stoop, crouch and crawl. The claimant could frequently, but not constantly, use the bilateral hands for handling, fingering, and feeling.

(*Id.* at 19).  Then, at Step Four, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work.  (*Id.* at 22).  At Step Five, however, the ALJ found when "considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as an optical goods assembler, table worker, or medical product assembler.  (*Id.* at 22-23).  Thus, the ALJ found that Claimant had not been under a disability since October 25, 2018.  (*Id.* at 23).

### III.   Claims Presented for Judicial Review

On appeal, Plaintiff raises one issue – that the ALJ failed to adequately assess the medical opinion of Consultative Examiner Dr. Wiegman.  (Doc. 19, at 4).  Plaintiff first highlights that the ALJ never indicated how persuasive he found Dr. Wiegman's opinion, despite adopting some of the limitations expressed within the opinion.  (*Id.* at 6).  Other limitations, Plaintiff argues, the ALJ ignored entirely – such as the limitation regarding overhead lifting.  (*Id.*)  Plaintiff argues that the ALJ improperly discounted certain limitations, such as the hand limitations.  (*Id.* at 7-8).  These errors, Plaintiff maintains, require remand.  (*Id.* at 9).

In response, the Commissioner argues that the ALJ's decision is consistent with Dr. Wiegman's opinion.  (Doc. 20, at 1).  The ALJ's RFC, the Commissioner contends, "accounted for Plaintiff's carpal tunnel syndrome by limiting him to frequent, but not constant, handling, fingering, and feeling" and "accounted for Plaintiff's shoulder pain by limiting him to lifting or carrying, and pushing or pulling 20 pounds occasionally and 10 pounds frequently." (*Id.*) (citing AR, at 19).  The Commissioner highlights that the ALJ

limited Plaintiff to the least demanding exertional level of work, giving Plaintiff the "benefit of the doubt." (*Id.*)  Even so, the Commissioner points out that "according a medical opinion great weight does not mean the ALJ must adopt every single aspect of the opinion." (*Id.*) (citing *McLaughlin v. Berryhill*, 2018 WL 2771567, at *5 (W.D. Okla. May 18, 2018).  Ultimately, according to the Commissioner, Plaintiff failed to present any evidence showing further restrictions were required; thus, the Commissioner asserts that the ALJ's RFC remains supported by substantial evidence. (*Id.*)

## IV. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**V.	The ALJ Failed To Adequately Evaluate Dr. Wiegman's Medical Opinion.**

Under the applicable regulations,[4] the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[,] . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ considers the persuasiveness of the opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." *Id*. § 404.1520c(c). Supportability and consistency are the most important factors. *Id*. § 404.1520c(a). "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1). "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion. *Id*. § 404.1520c(b). In doing so, the ALJ is required

---

[4] The regulations governing the agency's evaluation of medical evidence were revised effective March 27, 2017. Se*e Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017), *as amended in* 82 Fed. Reg. 15132 (Mar. 27, 2017).

to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 404.1520c(b)(2).[5]

Plaintiff claims that the ALJ failed to adequately assess the medical opinion of Consultative Examiner Dr. Wiegman by, in part, never indicating how persuasive he found Dr. Wiegman's opinion, despite adopting some of the limitations expressed within the opinion. (Doc. 19, at 4, 6). As to Dr. Wiegman's opinion, the ALJ stated:

> The internal consultative examination at Exhibit 9F, showed decreased range of motion of the spine; some difficulty manipulating small objects and grasping tools; normal sensory; we[a]k heel and toe walking; steady gait with good coordination; pain on range of motion; no edema; and normal opposition of the thumbs to fingers. The claimant was diagnosed with low back pain; hand pain and numbness due to carpal tunnel syndrome; bilateral shoulder pain; diabetes; and hypertension (Exhibit 9F). Given the consultative examination findings, the claimant would be limited to standing and/or walking 2 hours in an 8-hour workday, and although he has problem[s] with his hands, sensory was there, strength was 5 out of 5, and he had normal opposition of the thumbs to fingers. Given that, he could frequently handle, finger and feel.

(AR, at 21).

Although the ALJ clearly considered Dr. Wiegman's opinion in formulating Plaintiff's RFC, the ALJ wholly failed to articulate the persuasiveness of the opinion or to explain how he considered its supportability or consistency. The ALJ's evaluation of Dr. Wiegman's opinion was therefore deficient. Because the ALJ failed to properly evaluate Dr. Wiegman's opinion, this Court is unable to adequately review his decision. *Cf. Guice*

---

[5] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(b)(2), (3).

*v. Comm'r*, 785 F. App'x 565, 575 (10th Cir. 2019) ("Without this explanation, we cannot meaningfully review the ALJ's weighing of these medical opinions to determine if her reasons for rejecting the opinions of [claimant's] treating psychiatrists and adopting the state-agency psychologists' opinions are supported by substantial evidence and whether she applied the correct legal standards in arriving at these conclusions."). Accordingly, remand is required.[6]

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 21st day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court declines to address Plaintiff's remaining objections to the ALJ's decision "because they may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).